UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JAMES J. DAHER, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:06-CV-092 AS |
| v. | ) |
| | ) |
| **BARBARA KASPER,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

James J. Daher, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Daher presents the factual basis of his claims in the first 55 paragraphs. In these pages, it appears that he describes the claims of other inmates though he does not assert them in his "Claims for Relief" section. Though he may properly describe what happened to others as background for his claims, he lacks standing to assert the rights of other inmates. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights . . . ." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12 (2004) (quotation mark omitted). Therefore to the extent that he seeks to assert the rights of others, those claims are dismissed.

Mr. Daher alleges retaliation by various defendants in various ways in paragraphs 56, 57, 58, and 59. He alleges, in part, that these defendants terminated him from his job, placed him on idle status, restricted him from the law library, interfered with his grievances, and took his property in retaliation for his having exercised his freedom of speech, for having filed (and assisted others to file) legal claims and grievances. Prison officials may not retaliate against an

inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct. "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted), *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982). Giving Mr. Daher the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim of retaliation against Barbara Kasper, Robert O. Moore, Sally Stevenson, Christopher Johnson, Brenda Bowman, Janet Tuley, Steve Stanton, John R. VanNatta, Traci Riggle, and Tamike Jones.

In addition, Mr. Daher names two John Doe defendants whom he is unable to identify by name.

> [I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff.

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore the John Doe defendants, and the claims against them, will be dismissed. If Mr. Daher is later able to identify either of these defendants and can state a claim against them at that time, he may then file a motion seeking to amend his complaint.

For the foregoing reasons, the court:

(1) **GRANTS** James J. Daher, Jr., leave to proceed against Barbara Kasper, Robert O. Moore, Sally Stevenson, Christopher Johnson, Brenda Bowman, Janet Tuley, Steve Stanton, John R. VanNatta, Traci Riggle, and Tamike Jones in their individual capacities for declaratory, monetary and punitive damages for retaliating against him;

(2) **GRANTS** James J. Daher, Jr., leave to proceed against Superintendant John R. VanNatta in his official capacity for injunctive relief;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Unknown Correctional Officer #1 and Unknown Correctional Officer #2;

(5) **DIRECTS** the clerk to transmit the summons and USM-285's for Barbara Kasper, Robert O. Moore, Sally Stevenson, Christopher Johnson, Brenda Bowman, Janet Tuley, Steve Stanton, John R. VanNatta, Traci Riggle, and Tamike Jones to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Barbara Kasper, Robert O. Moore, Sally Stevenson, Christopher Johnson, Brenda Bowman, Janet Tuley, Steve Stanton, John R. VanNatta, Traci Riggle, and Tamike Jones; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Barbara Kasper, Robert O. Moore, Sally Stevenson, Christopher Johnson, Brenda Bowman, Janet Tuley, Steve Stanton, John R. VanNatta, Traci Riggle, and Tamike Jones respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**IT IS SO ORDERED.**

**ENTERED: October 18, 2006**

          **S/ ALLEN SHARP**
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**