UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES DAHER JR., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BARBARA KASPER, *et al.*, )<br>)<br>Defendants ) | CAUSE NO.  3:06-CV-092 RM |

OPINION AND ORDER

James Daher Jr., a <u>pro se</u> prisoner, filed a motion (docket # 44) requesting issuance of a protective order pursuant to Fed. R. Civ. P. 26(c) and the "Whistleblower Act." The defendants have filed a response (docket # 45) in opposition.

Mr. Daher asks the court for a protective order to "prevent oppressive acts by certain of the defendants intended to thwart, interfere with or prevent plaintiff's due process rights and access to the court."(docket #44 at 1). He notes this case involves a civil rights action based on the defendants' prior alleged retaliatory acts. According to Mr. Daher this history demonstrates a "common pattern of retaliation" that includes illegally taking and destroying or losing his legal papers as well as  transferring him to another facility. He declares that he is "likely targeted" for more retaliatory acts because he testified for the plaintiff in a related case. <u>Charles Watkins v. Barbara Kasper, et al.</u>, 3:05-CV-028 (N. D. Ind., filed January 12, 2005). Without detailing them, Mr. Daher maintains the defendants "are engaged in such acts now." He asks the court to forbid the defendants

1

from "punishing, harassing or retaliating in any way" against him for initiating this lawsuit. He also asks the court to enjoin the defendants' interference with his preparation of legal papers related to this case and to prohibit his involuntary transfer to another facility while the case is pending. The defendants correctly point out Fed. R. Civ. P. 26(c) doesn't apply because it involves discovery matters. Mr. Daher doesn't cite any whistleblower statute. Nevertheless, the court construes his motion as one for a preliminary injunction.

A preliminary injunction is an extraordinary remedy to maintain the status quo pending a final adjudication. Consequently, "[a] party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." Ty v. The Jones Group, 237 F.3d 891, 895 (7th Cir. 2001). The "mere possibility" harm may result is not a sufficient basis for finding substantial risk of harm exists to support a preliminary injunction. Lambert v. Buss, 498 F. 3d 446, 452 (7th Cir. 2007).

To establish the likelihood of success in this case, Mr. Daher contends more evidence supports his claims against the defendants than was present in Watkins v. Kasper, supra. where the plaintiff prevailed. He also references Bounds v. Smith, 430 U.S. 817 (1977), and DeMallory v. Cullen, 855 F. 2d 442 (7th Cir. 1988), for the proposition that prisoners have a constitutional right to access to the courts and cannot be disciplined for exercising that right. Although this general statement of the law is substantially correct, it doesn't address

2

the likelihood of Mr. Daher's success on the merits. The vagaries of trial make it nearly impossible to predict the outcome of a particular case. While this case survived screening and summary judgment (for exhaustion of administrative remedies), at those stages the plaintiff enjoyed significant presumptions that would not exist at trial. Since the case has progressed this far, however, the court cannot say there is no likelihood of success on the merits. The plaintiff has satisfied the first prong of the test.

Mr. Daher doesn't allege he has no legal remedy. As this case demonstrates, legal redress exists for the defendants' retaliatory acts. Mr. Daher seeks monetary compensation in this case for damages he sustained from alleged similar acts. He hasn't satisfied the second prong of the test.

Mr. Daher doesn't say he would suffer irreparable harm without an injunction. Mr. Daher primarily relies upon the defendants' alleged pattern of past retaliatory acts. Mr. Daher vaguely asserts they are engaged in retaliatory conduct now, but he doesn't specifically state what is being done and who is doing it. Furthermore, he has not demonstrated he has incurred irreparable harm from any of the defendants' alleged actions. Based on this record, it does not appear Mr. Daher's efforts to litigate this case have been hampered. The plaintiff has not satisfied the third prong of the test. Under the circumstances, he has not met the burden required for a preliminary injunction.

Therefore, the court DENIES filed a motion (docket # 44) for protective order.

SO ORDERED.

ENTERED: May 2, 2008.

                           /s/ Robert L. Miller, Jr.
                          Chief Judge
                          United States District Court